Van Zandt's, Inc., Appellant, *v.* The Department of Labor of the State of New York and Another, Respondents.

C. W. Ferguson Collar Company, Appellant, *v.* The Department of Labor of the State of New York and Another, Respondents.*

Third Department, May 1, 1928.

Labor — actions, under Labor Law of 1921, § 111, to have order declared invalid which required plaintiffs, manufacturers of collars, to comply with Laundry Code — plaintiffs laundered their manufactured collars before placing them on market — plaintiffs' establishments are not public laundries, within meaning of Labor Law, § 296, or rule 1700 of Industrial Code — Department of Labor did not have jurisdiction to issue order requiring compliance with Laundry Code.

The Department of Labor issued an order requiring the plaintiffs to comply with certain provisions of the Laundry Code, which is a part of the Industrial Code. This action was brought under section 111 of the Labor Law of 1921 as an appeal from the determination of the State Industrial Board and the plaintiffs seek to have said order of the Department of Labor declared invalid on the ground that it did not have jurisdiction to issue the order.

The plaintiffs are engaged in the manufacture of collars, and as a part thereof they maintain laundries for the purpose of laundering the collars before placing them on the market, but they do not do public laundry work for customers.

Under rule 1700 of the Industrial Code, the rules of the Laundry Code are applicable only to " an establishment wherein public laundry work is done by way of trade or for purposes of gain," and section 296 of the Labor Law of 1921 declares: "A shop, room or building where one or more persons are employed in doing public laundry work by way of trade or for purposes of gain is a factory."

While the plaintiffs are undoubtedly under the jurisdiction of the Department of Labor and subject to the Industrial Code, they are not engaged in public laundry

---

* Revg. 129 Misc. 747.— [Rep.

work as that term is properly understood, and, therefore, they cannot be subjected to the rules and regulations of the Laundry Code which are an addition to the rules and regulations concerning factories generally.

Appeal by the plaintiff in each of the above-entitled actions from a judgment of the Supreme Court, entered in the office of the clerk of the county of Rensselaer on the 23d day of June, 1927.

The pleadings and the issues of fact and law being identical in each case, it was stipulated that the same judgment be entered in each case.

*Swift & Potter* [*Parton Swift* of counsel], for the appellants.

*Albert Ottinger, Attorney-General* [*P. J. Hughes, Deputy Assistant Attorney-General,* and *Alexander A. Tausky, Assistant Attorney-General,* of counsel], for the respondents.

Hinman, J. The actions were brought in the Supreme Court, Rensselaer county, pursuant to section 111 of the Labor Law, as an appeal from a determination of the State Industrial Board. The relief sought by plaintiffs was to have a certain order of the Department of Labor declared invalid, on the ground that said department was without jurisdiction or authority to issue the same. The order required these plaintiffs and the other collar and shirt manufacturers in this State to comply with a certain portion of the Industrial Code relating to laundries and commonly called the Laundry Code. The rules of the Laundry Code are applicable only to " an establishment wherein public laundry work is done by way of trade or for the purposes of gain " (Industrial Code, rule 1700) and are in addition to the Industrial Code rules relating to all factories. The plaintiffs admit that the State Industrial Board has rule-making power over collar and shirt manufacturers, as operators of factories and as launderers of their output (Labor Law of 1921, § 2, subd. 9, as amd. by Laws of 1921, chap. 489; re-enacting Labor Law of 1909, § 2, subd. 1, as amd. by Laws of 1917, chap. 694), but they contend that the Board has no authority to order such manufacturers to comply with the rules of the Laundry Code as such, issued pursuant to sections 27, 28 and 29 of the Labor Law (since amd.), and made applicable to laundries as defined in section 296 of the Labor Law.

The issue is a narrow one and depends upon the limitation prescribed by the Legislature in defining " laundries " in section 296 of the Labor Law of 1921, which was formerly section 92 of the Labor Law of 1909, re-enacting section 92 of the Labor Law of 1897 (as added by Laws of 1901, chap. 477), and which reads as follows:

" § 296. Laundries. A shop, room or building where one or more persons are employed in doing *public laundry work by way of*

480 VAN ZANDT'S, INC., *v.* DEPT. OF LABOR OF STATE OF N. Y.

Third Department, May, 1928.                    [Vol. 223

*trade or for purposes of gain* is a factory within the meaning of this chapter and subject to the provisions relating to factories. No such public laundry work shall be done in a room used for sleeping or living purposes. All such laundries shall be kept in a clean condition and free from vermin and from all impurities of an infectious or contagious nature. This section shall not apply to a female doing custom laundry work at her home for regular family trade."

On July 10, 1924, the Industrial Board adopted a set of rules applicable to laundries as defined in said section 296 of the Labor Law and in rule 1700 the Board defined the term " laundry " as follows:

" Rule 1700. The term ' laundry ' shall mean an establishment wherein *public laundry work is done by way of trade or for purposes of gain,* and in which the washing, ironing or other finishing of clothes or other textiles is accomplished by the use of power driven machinery."

By chapter 694 of the Laws of 1917 the Legislature amended subdivision 1 of section 2 of the Labor Law of 1909 (re-enacted by Labor Law of 1921, § 2, subd. 9, as amd. by Laws of 1921, chap. 489) by defining the term " factory " as follows:

" 9. ' Factory ' includes a mill, workshop or other manufacturing establishment and all buildings, sheds, structures or other places used for or in connection therewith, where one or more persons are employed at manufacturing, including making, altering, repairing, finishing, bottling, canning, *cleaning or laundering any article or thing, in whole or in part,*" etc.

The facts in these cases are undisputed. Each of the plaintiffs launders only its own collars. It does not hold itself out to the public as a laundry. It does no laundry work directly for the public but confines itself strictly to washing and ironing its own collars before packing them and placing them on the market for sale. The laundering is a purely incidental part of the work of manufacturing, to make the manufactured product more salable. Thus, incidentally, the public receive the benefit of laundering work, because the laundered article eventually gets into the hands of members of the public. It is upon this theory that the Industrial Board and the court below have found that such manufacturers are doing " public laundry work " and doing it " by way of trade or for purposes of gain." We think that is a strained construction of the language used in the statutory definition. Such collar manufacturer does not operate a commercial or " public " laundry, as the word " public," so applied, would be ordinarily understood. It has no customers as such and does not hold itself out to the public, " by way of trade or for purposes of gain," as engaged in the laundry business. In our opinion, that is the significance of the word " public " in the term " public laundry work "— doing

laundry work directly for the public by cleaning and ironing soiled and used clothes on orders received from members of the public as customers.    Section 296 of the Labor Law has been on the statute books in substantially its present form since 1901 and apparently until 1924 no effort was made to apply it to manufacturers incidentally engaged in laundering their own output.    It is rather startling at this late day to think that the Legislature meant to consider that the clothing industries of the State, all of which probably clean and iron their articles of manufacture before placing them on the market, are public laundries, subject to the Laundry Code.    That such was not the legislative intent is indicated by the fact that, in 1917, the Legislature redefined the term " factory " so as to cover the process of " cleaning or laundering any article or thing " as a part of manufacturing and so as to make any place where laundering is done by a manufacturer a " factory " and thus subject to factory inspection and rules.    (Labor Law of 1909, § 2, subd. 1, as amd. by Laws of 1917, chap. 694; Labor Law of 1921, § 2, subd. 9, as amd. by Laws of 1921, chap. 489.)

The factories of the plaintiffs, including the places therein where they launder their own collars, are subject to the Labor Law. Rules of the Industrial Board may be made ordering the plaintiffs to guard their machinery and otherwise protect their employees engaged in laundering, but the Board must exercise its power under that part of the Industrial Code relating to factories rather than under the portion known as the Laundry Code.    We hold that the rules objected to by the plaintiffs apply only to laundries wherein public laundry work is done by way of trade or for purposes of gain; that the plaintiffs do not conduct such a laundry; that the Department of Labor was without jurisdiction or authority to issue to the plaintiffs the orders requiring them to comply with such rules; and that said orders are invalid as to the plaintiffs.

The judgments of the court below should be reversed on the law and facts and judgments ordered declaring the orders of the Industrial Board invalid, in accordance with this opinion, with one bill of costs to the appellants.

The court disapproves of the second, fourth and fifth findings requested by the defendants and finds as requested by the plaintiffs.

VAN KIRK, P. J., WHITMYER, HILL and HASBROUCK, JJ., concur.

Judgments reversed on the law and facts, and judgments ordered declaring the orders of the State Industrial Board invalid, with one bill of costs to the appellants.

The court disapproves the second, fourth and fifth findings requested by the defendants, and finds as requested by the plaintiffs.